# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2784 PA (SKx) | Date | March 30, 2020 |
|---|---|---|---|
| Title | James William Tenerowicz v. Errol Spiro et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Miller and Desatnik Realty Corp. and Errol Spiro ("Defendants"). (Docket No. 1 ("Notice").) The Notice alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at ¶3.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. Here, Defendants' diversity allegations are deficient in two ways. First, Defendants allege that (1) "Plaintiff resides in the City of Washington, Michigan. (Exhibit 2, Complaint, ¶1.) Accordingly, for the purposes of diversity jurisdiction, Plaintiff is a resident of Michigan," (Notice ¶4); and (2) "Spiro resides in Los Angeles, California. Accordingly, for the purposes of diversity jurisdiction, Plaintiff is a resident of California," (Id. at ¶5). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2784 PA (SKx) | Date | March 30, 2020 |
|---|---|---|---|
| Title | James William Tenerowicz v. Errol Spiro et al. | | |

places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Residence is not necessarily the same as domicile. Id. at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

For these reasons, Defendants have not adequately alleged the citizenship of either Plaintiff or Defendant Spiro. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id. This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014).

Second, Defendants have failed to establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

"Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

Here, the Complaint merely states, "the amount in controversy exceeds the jurisdictional limit of twenty-five thousand dollars ($25,000.00)." (Notice, Ex. 2 ("Compl.") ¶4.) Defendants present the following conclusory allegations regarding the amount in controversy in the Notice of Removal:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2784 PA (SKx) | Date | March 30, 2020 |
|---|---|---|---|
| Title | James William Tenerowicz v. Errol Spiro et al. | | |

> The Complaint describes Plaintiff's injuries as follows: 'In doing the wrongful acts alleged herein, Defendants acted willfully, intentionally, maliciously, and in conscious disregard of the rights of Plaintiff, thus entitling Plaintiff to recover exemplary and punitive damages, in addition to general compensatory, and special damages, against Defendants.' . . . Plaintiff also seeks compensatory damages for severe emotional distress and mental suffering. . . . Therefore, the amount in controversy exceeds $75,000.

(Notice ¶¶12-14.) Defendants cite no evidentiary facts or case law in support of these allegations. Essentially, neither the Complaint nor the Notice of Removal alleges any evidentiary facts concerning the nature of Plaintiff's injuries or the amount of damages Plaintiff seeks in excess of $25,000.00. The Court therefore concludes that Defendants have failed to sufficiently support the Notice of Removal's allegation that the amount in controversy exceeds $75,000.00.

     For these reasons, the Court concludes that Defendants have not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 19STCV45962, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.